IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDO SAAVEDRA-RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:23-268 |
| | ) | Judge Stephanie L. Haines |
| DIRECTOR, BOP COLETTE PETERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Rando Saavedra-Ramirez ("Petitioner") [Doc. 9].  Petitioner, an inmate serving a federal sentence at FCI-Loretto, alleges that he has been denied earned time credits to which he is entitled under the First Step Act, purportedly because he is subject to a final order of removal. Petitioner, however, denies that any final order of removal exists.  This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On March 12, 2024, Judge Pesto issued a Report and Recommendation ("R&R") [Doc. 10] recommending that Petitioner's § 2241 petition be dismissed without prejudice based on Petitioner's failure to exhaust administrative remedies.  Petitioner was advised that he had fourteen days to file written objections to the R&R.  *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.  On March 22, 2024, Petitioner timely filed objections to the R&R [Doc. 11].   On April 8, 2024, Petitioner filed a "motion requesting a court order" to prevent his transfer from FCI-Loretto until this matter is adjudicated [Doc. 12].

1

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). District courts are not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

Upon de novo review of the record and the R&R, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

In general, an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for prior custody decision, sentence computation, or length of placement in a residential reentry center, must first exhaust available administrative remedies, *see* 28 C.F.R. §§ 542.10-542.19, unless the matter involves only a question of law without the need for development of a factual record. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012), *citing Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

Here, Judge Pesto recommends that the petition be dismissed without prejudice based upon Petitioner's failure to exhaust the BOP's available administrative remedies. After outlining the BOP's administrative remedy procedures, Judge Pesto properly concluded that Petitioner failed to adhere to those procedures in this case. This Court concurs in whole with Judge Pesto's analysis and conclusion for the reasons set forth in the R&R [Doc. 10 pp. 2-4], with nothing more to be added. As Petitioner failed to exhaust his administrative remedies through every level of the

available procedure, or to show that such administrative remedies are inadequate, dismissal of the petition for failure to exhaust is warranted. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).

Petitioner's objections to the R&R are unavailing. First, Petitioner contends that his failure to exhaust should be excused as futile. *See Cerverizzo v. Yost*, 380 F. App'x 115 (3d Cir. 2010) (recognizing that failure to exhaust administrative remedies prior to seeking a writ of habeas corpus under § 2241 may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served). This contention is unsupportable. As Judge Pesto pointed out, the documents submitted by Petitioner show that his grievance form was rejected by the BOP as procedurally defective. However, this rejection was *without prejudice*, and Petitioner was provided directions as to how to resubmit the appropriate form before proceeding to the final step of the BOP's administrative process. Petitioner cannot rightfully argue that exhaustion would be futile when the BOP provided him with instructions on how to proceed in order to properly exhaust his remedies at the administrative level.

Next, Petitioner argues that exhaustion should be waived because the claim raised in his petition solely involves a question of statutory construction of the First Step Act. *See Coleman v. U.S. Parole Commission*, 644 F. App'x 159, 162 (3d Cir. 2016) ("exhaustion is not required with regard to claims which turn only on statutory construction"). In this regard, Petitioner relies on *Goodman v. Ortiz*, Civ. No. 20-7582-RMB, 2020 WL 5015613 (D.N.J. Aug 25, 2020), in which the district court excused exhaustion and ordered the BOP to immediately apply earned time credit under the First Step Act.

However, *Goodman* is distinguishable from the case at bar. Here, as Judge Pesto noted in the R&R, Petitioner's claim involves a factual dispute as to whether a valid final order of removal

exists.  While the BOP purportedly asserts that Petitioner is subject to an immigration detainer based on a final order of removal, Petitioner denies there is a final order of removal.   Whether Petitioner is ineligible for earned time credits thus will turn on this factual dispute, not on any statutory construction of the First Step Act.  Accordingly, waiver of exhaustion is not warranted under these circumstances, and Petitioner's objections will be overruled.

Also pending before the Court is Petitioner's motion for a court order preventing his transfer from FCI- Loretto [Doc. 12].   Petitioner alleges that he has been notified that he is being shipped to another institution "without any explanation or justification."   This motion also will be denied.  Once a prisoner is sentenced, he is by law "committed to the custody of the [BOP]."  18 U.S.C. § 3621(a).  Thus, Federal law gives the BOP, not this court, the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b).  Moreover, "[i]t is well established that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002).   As a result, the transfer of a prisoner from one location to another within the federal prison system does not infringe or implicate a "liberty" interest of a prisoner within the meaning of the due process clause. *Burke v. Romine*, 85 F. App'x 274 (3d Cir. 2003).

As the decision to transfer a prisoner is committed to the authority of the BOP, and Petitioner does not have any liberty interest in remaining in FCI-Loretto, his motion for a court order preventing his transfer will be denied.

Accordingly, the following order is entered:

<u>**ORDER OF COURT**</u>

AND NOW, this 10th day of April, 2024, IT IS ORDERED that Petitioner's motion requesting a court order to prevent his transfer from FCI-Loretto [Doc. 12], hereby is **denied**; and,

IT FURTHER IS ORDERED that Petitioner's objections [Doc. 11] to the Magistrate Judge's Report and Recommendation [Doc. 10], hereby are **overruled**; and,

For the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 10], which is adopted as the opinion of the Court as supplemented herein, IT FURTHER IS ORDERED that this action hereby is **dismissed without prejudice** for failure to exhaust administrative remedies.  The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge